## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| JOSHUA J. SWAIN | * |
| *Plaintiff,* | * Civil Action No.: 25-cv-02575-LKG |
|  | * |
| v. | * |
|  | * |
| PRIME CARE MED. DIR ZOWIE BARNES, *et al.* | * |
|  | * |
| *Defendants.* | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF COUNTY DEFENDANTS' MOTION TO DISMISS

Defendants "BCDC Admin S. Verch," Walt Pesterfield, Hilary Siakor-Sirleaf, Jennifer Magin and "The Municipality of Baltimore Co." ("County Defendants"), submit this Memorandum in Support of County Defendants' Motion to Dismiss.

## INTRODUCTION

Plaintiff Joshua J. Swain, pro se, has filed a Complaint and numerous supplements thereto (ECF Nos. 1, 6, 7, 9, 11, 13, 14, 15, 19, 27, 38, 39, and 42). As relevant to County Defendants, Plaintiff alleges that "jail policy" prohibiting access to THC and CBD[1] which he uses to "control [his] epilepsy," violates his Eighth Amendment right(s).[2] (*See* ECF No. 1). Plaintiff also alleges discrimination under

---

[1] Cannabidiol, commonly known as CBD, "like its cannabis 'cousin' tetrahydrocannabinol (THC), is a naturally occurring chemical compound found in the cannabis plant. Only THC, however, has the mind-altering properties associated with marijuana." *Med. Marijuana, Inc. v. Horn*, 604 U.S. 593, 597 (2025) (internal citations omitted).

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual

Title II of the Americans with Disabilities Act (ADA). (ECF No. 6). Specifically, he alleges that he is "not allowed to work" due to his epilepsy and that "[n]o alternative is offered" for him to earn "good days or monetary income" or "keep [himself] in shape and healthy." (ECF No. 6).

ARGUMENT

**I.    Any Claims Against Defendants "BCDC Admin S. Verch," Walt Pesterfield, Hilary Siakor-Sirleaf, and Jennifer Magin Must Be Dismissed Because the Plaintiff Does Not Allege Any Wrongful Conduct by Them.**

Rule 12(b)(6) allows for the dismissal of a complaint if the pleading fails to state a claim upon which relief can be granted. Rule 12(b)(6)'s purpose is to test the legal sufficiency of a complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal citations omitted). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). However, a court need not accept allegations as true when the cause of action is supported by "mere conclusory statements." *Iqbal*, 556 U.S. at 678. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Determining whether a complaint states a plausible claim requires the

---

punishments inflicted." U.S. Const. amend. VIII. Plaintiff's action is presumably brought under Title 42 U.S.C § 1983, which establishes a cause of action for damages against local officials who have caused a person to suffer a constitutional deprivation. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) (internal citations omitted); *see also United States v. Classic*, 313 U.S. 299, 326 (1941).

court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted). To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a *particular* person acting under color of state law deprived the plaintiff of a constitutional right or of a right conferred by law. *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998).

In this matter, despite filing a dozen supplements to his Complaint, Plaintiff has failed to allege facts that would permit this Court to infer that any individual County Defendant is liable for wrongdoing, much less that any specific person acting under color of law violated Plaintiff's Eighth Amendment rights or the Americans with Disabilities Act ("ADA"). In fact, beyond ECF No.1, which blames "all defendants" for "jail policy," neither Defendant "BCDC Admin S. Verch," Walt Pesterfield, nor Jennifer Magin are ever named again. (*See* ECF Nos. 6, 7, 9, 11, 13, 14, 15, 19, 27, 38, 39, and 42). Defendant Hilary Siakor-Sirleaf is mentioned in a single supplement, but only in a complimentary matter. (ECF No. 38). Plaintiff praised Defendant Siakor-Sirleaf for assisting Plaintiff in leaving the medical ward. (ECF No. 38).

Similarly, in the only supplement alleging a violation of Title II of the ADA, Plaintiff alleges that he is "'not allowed to work due to my medical disability . . .' [and] no alternative is offered to me to earn good days or monetary income." (ECF No. 6). He also alleges that he is "not allowed to participate in activities available to General Population" or "go to the gym or exercised" due to his epilepsy and that "they provide no alternative for me to keep myself in shape and healthy." (ECF No.

3

6). Plaintiff again fails to mention any Defendant(s) responsible for the supposed ADA violation and does not reference his ADA claim in any other filing.

Accordingly, Plaintiff has not alleged *any* facts involving the Defendants "BCDC Admin S. Verch," Walt Pesterfield, Hilary Siakor-Sirleaf, and Jennifer Magin ("Individual County Defendants") in any supposed violation of his Eighth Amendment rights or of Title II of the ADA, let alone facts which *plausibly* allege such violations.

Plaintiff's generalized reference to "all defendants" in his Complaint is not sufficient to state a claim under established pleading standards, including those applicable to 42 U.S.C. § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556; *Dowe*, 145 F.3d at 658. Thus, the Complaint does not state a claim for which relief can be granted and all claims must be dismissed under Rule 12(b)(6).

II.    **Because Defendant "The Municipality of Baltimore Co." Does Not Exist, All Claims Against It Must Be Dismissed.**

Rule 17 states that the capacity for a corporation to be sued is determined "by the law under which it was organized . . . ." Section 103 of the Baltimore County, Maryland charter states that "[t]he corporate name shall be 'Baltimore County, Maryland,' and it shall thus be designated in all actions and proceedings touching its rights, powers, properties, liabilities and duties." Accordingly, both this Court and the United States Court of Appeals for the Fourth Circuit have recognized that a Maryland county cannot be sued when it is not named as required by law. *See Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379, 393 (2014) ("absent

a statutory or constitutional provision creating a government agency, an office or department bears no unique legal identity, and thus, it cannot be sued under Maryland law."); *Clements v. Prince George's Cnty. Government*, No. CIV. A. HAR90-1878, 1990 WL 199323, at \*1 (D. Md. Nov. 30, 1990) (requiring plaintiff to substitute defendant "Prince George's County Government" with "Prince George's County, Maryland"); *Hodges v. Mayor & City Council of Annapolis,* No. SAG-15-3537, 2016 WL 4140954, at \*3 (D. Md. Aug. 3, 2016) (because of charter language, Anne Arundel County must be sued as "Anne Arundel County, Maryland").

Under Rule 17, because the corporate entity as defined by the charter is "Baltimore County, Maryland," the County may only be sued in that name. It may not be sued as "The Municipality of Baltimore Co." Therefore, "The Municipality of Baltimore Co." is not a legal entity capable of being sued and all claims against it must be dismissed.

### III.   Because the Complaint Does Not Plausibly Allege That the County, Even if Properly Named, Caused Any Constitutional Violation, Any Claims Against It Must Be Dismissed.

In *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), the Supreme Court explained that a local government may be sued under 42 U.S.C. § 1983 based on the unconstitutional acts of individual defendants when those individual defendants violated the plaintiff's constitutional rights while executing an official policy or custom of the local government.[3] Liability under *Monell* may

---

[3] Although it is not expressly stated by Plaintiff in his Complaint or any supplement thereto, it appears Plaintiff is asserting a *Monell* claim under 42 U.S.C § 1983.

only attach when a local government itself causes a constitutional violation. *City of Canton, Ohio v. Harris,* 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)).

For a *Monell* claim, a plaintiff must plausibly allege "the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of their rights." *Jordan ex rel. Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994). The plaintiff "must [also] allege numerous particular instances of unconstitutional conduct in order to establish a custom or practice, because 'a municipality is not liable for mere isolated incidents of unconstitutional conduct by subordinate employees.'" *Weeden v. Prince George's Cty.*, No. 17-2013, 2018 WL 2694441, at *4 (D. Md. June 4, 2018) (quoting *Smith v. Ray*, 409 F. App'x. 641, 651 (4th Cir. 2011). These "numerous particular instances" must be instances of similar conduct. *Talley v. Anne Arundel Cty.*, No. 21-347, 2021 WL 4244759, at *14 (D. Md. Sept. 17, 2021); *Kline v. Wicomico Cnty.,* No. CV BPG-21-2653, 2022 WL 1538625, at *5 (D. Md. May 16, 2022) ("plaintiffs here did not allege any similar facts . . ."); *Murray v. Admin. for Children's Servs.,* 476 F.Supp.2d 436, 442 (S.D.N.Y.2007), *aff'd*, 293 Fed. Appx. 831 (2d Cir.2008) ("The [plaintiff] does not allege other similar instances of malicious prosecution that could raise an inference that the City maintains a policy or custom of deliberate indifference to these types of constitutional deprivations."). Additionally, and importantly, a *Monell* claim cannot survive "when there is no underlying constitutional violation by an employee." *Johnson v. Baltimore Police Dep't*, 500 F. Supp. 3d 454, 459 (D. Md.

6

2020) (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 579 (4th Cir. 2001); *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1996 (*per curiam*) ("[N]either *Monell* . . . nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when the jury has concluded that the officer inflicted no constitutional harm.").

Here, Plaintiff alleges that "jail policy" prohibiting access to CBD and THC violates his constitutional rights under the Eighth Amendment. (ECF No. 1). However, as explained above, Plaintiff has not alleged any facts indicating Individual County Defendants violated Plaintiff's Eight Amendment rights, much less any facts to suggest that those Defendants are executing any official policy or custom that caused a constitutional deprivation. Furthermore, Plaintiff fails to identify the policy, written or otherwise, that causes unconstitutional conduct. Conclusory references to a "jail policy," without factual allegations describing is content or implementation are insufficient to state a viable *Monell* claim. *See Jordan ex rel. Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994) (requiring a policy "attributable to" the local government); *see also Iqbal*, 556 U.S. at 678.

Plaintiff also fails to allege any "numerous particular instances" of similar unconstitutional conduct, he only discusses his own alleged experience. Without allegations of similar, repeated conduct, Plaintiff has not fulfilled the pleading requirements necessary to sustain a *Monell* claim. *Talley,* No. 21-347, 2021 WL 4244759, at *14 (D. Md. Sept. 17, 2021); *Kline,* No. CV BPG-21-2653, 2022 WL 1538625, at *5 ("plaintiffs here did not allege any similar facts . . ."); *Murray v.*

*Admin. for Children's Servs.,* 476 F.Supp.2d 436, 442 (S.D.N.Y.2007), *aff'd,* 293 Fed. Appx. 831 (2d Cir.2008) ("The [plaintiff] does not allege other similar instances of malicious prosecution that could raise an inference that the City maintains a policy or custom of deliberate indifference to these types of constitutional deprivations."); *see Weeden,* No. 17-2013, 2018 WL 2694441, at *4 (internal citations omitted).

Because Plaintiff has not plausibly alleged an underlying constitutional violation committed by any Individual County Defendant, has failed to identify the "jail policy" attributable to Baltimore County, Maryland, and has not specified any instance(s) of similar conduct by the County, the apparent *Monell* claim must be dismissed as a matter of law.

## CONCLUSION

For the foregoing reasons, this Court should issue an Order dismissing all claims against County Defendants.

Respectfully submitted,

/s/
_____
Alek Stathakis
Bar No.: 31317
Assistant County Attorney
Baltimore County Office of Law
305 Washington Avenue
Towson, Maryland 21204
(410) 887-4420
astathakis@baltimorecountymd.gov
